UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Overlook at Blue Ravine LLC, | No. 2:23-cv-00633-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| Peter Dupuis, | |
| Defendant. | |

Defendant Peter Dupuis, proceeding pro se, removed this unlawful detainer action from the Sacramento County Superior Court.  Notice of Removal, ECF No. 1.  Dupuis also filed a motion to proceed in forma pauperis.  Mot., ECF No. 2.  For the reasons below, the court **remands** the matter to state court and **denies** the motion to proceed in forma pauperis as moot.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court.  28 U.S.C. § 1441(a).  There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."

1

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Depuis's notice of removal asserts the court has federal question jurisdiction under § 1331 "because Defendant's Demurrer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law."  Notice of Removal ¶ 10.  However, Depuis's answer or counterclaim cannot serve as a basis for federal question jurisdiction.  *Vaden*, 556 U.S. at 60.  Additionally, plaintiff's complaint filed in state court asserts only a claim for unlawful detainer, which is a matter of state law.  *See id.* ¶ 7; *see also* State Ct. Compl., Notice of Removal Ex. A.  Because plaintiff's complaint does not show that it is based upon federal law, the court does not have federal question jurisdiction over the action.  *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("[Plaintiff] may generally avoid federal jurisdiction by pleading solely state-law claims.").  Accordingly, the case must be remanded.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Thus, the court **remands this matter to the Sacramento County Superior Court.** Depuis's **motion** to proceed in forma pauperis is **denied as moot.**

This order resolves ECF No. 2.

IT IS SO ORDERED.

DATED: April 10, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE